**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JASON WRIGHT,

    Plaintiff - Appellant,

v.

NATIONAL BOARD OF MEDICAL
EXAMINERS,

    Defendant - Appellee.

No. 23-1274
(D.C. No. 1:21-CV-02319-GPG-KAS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

Mr. Jason Wright wants a medical license. To get it, he needs to pass a test administered by the National Board of Medical Examiners. The test has three parts, and Mr. Wright has passed the first two parts. But he's tried four times—without success—to pass the third part.

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the briefing and the record. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Mr. Wright attributes these failures to the Board's unwillingness to provide accommodations for his disability, and he has sued under the Americans with Disabilities Act.[1] Under this statute, however, Mr. Wright can get only preventive relief.  42 U.S.C. §§ 2000a–3(a), 12188(a).  The availability of preventive relief turns not only on the merits of Mr. Wright's claim but also on his eligibility to retake the third part of the test.

When he first took the test, the Board's rule allowed him to take the third part six times. But the Board changed the rule, stating that applicants could take the third part of the test only four times. And Mr. Wright has now taken the third part of the test four times. The district court thus dismissed the action on jurisdictional grounds, concluding that the claims are

- moot for tests already taken and

- unripe for future tests in the absence of an opportunity to take the third part again.

We conduct de novo review over these jurisdictional conclusions.

*Tompkins v. United States Dep't of Veterans Affairs*, 16 F.4th 733, 741 (10th Cir. 2021).

---

[1]     Mr. Wright has also invoked state law and says that the district court failed to address the state-law claim. Mr. Wright is mistaken. The court dismissed the state-law claim, declining to exercise supplemental jurisdiction.

Mr. Wright doesn't question the mootness of his claims involving the tests that he has already taken. Instead, he alleges a right to take the third part of the test two more times because of the failure to honor past requests for accommodations. Given this alleged right, Mr. Wright argues that his claim for future accommodations is ripe.

The district court rejected this argument, concluding that Mr. Wright had not shown a legal right to take the test two more times. We agree with the district court that the claim isn't ripe, but we differ with the court in our approach. In our view, the Board's challenge to ripeness is factual and the undisputed facts show that Mr. Wright has no right to retake the third part of the test.

We can affirm on other grounds as long as they're supported by the record. *I Dig Texas, LLC v. Creager*, 98 F.4th 998, 1009 (10th Cir. 2024). In deciding whether to consider other grounds to affirm, we consider whether

- the issue was briefed in district court and on appeal,

- the question is legal, and

- the record is adequately developed.

*Id.* These factors support consideration of the alternative ground to affirm. The parties briefed the issue in district court and on appeal, ripeness

constitutes a matter of law,[2] and both parties had an opportunity to present evidence involving the Board's practices.

Ripeness involves fitness of the issue for judicial resolution and hardship to the parties from withholding a decision. *United States v. Wilson*, 244 F.3d 1208, 1213 (10th Cir. 2001). A challenge to ripeness can be facial or factual. *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022). A facial attack assumes that the allegations are true; a factual attack relies on evidence outside the complaint. *Id.*

The Board's challenge is factual because it rests on Mr. Wright's ineligibility to retake the third part of the test. Responding to this challenge, Mr. Wright insists that two of his tests shouldn't count because the Board hadn't honored his past requests for accommodation. Even if Mr. Wright were correct, ripeness would turn on the Board's actual practice (rather than what it should be).

Assume, for example, that the district court requires the Board to accommodate Mr. Wright if he retakes the third part of the test. This requirement would be academic if the Board doesn't allow Mr. Wright to retake this part of the test, and Mr. Wright's eligibility to retake the test turns solely on the Board's actual practice.

---

[2]    *See Texas v. United States*, 497 F.3d 491, 495 (5th Cir. 2007) (stating that ripeness constitutes a matter of law).

4

Mr. Wright argues that he remains eligible to retake the test because two of his attempts shouldn't count. The Board characterizes this argument as factual; Mr. Wright characterizes the argument as legal. With either characterization, however, the argument fails.

Mr. Wright doesn't argue that the Board's policy expressly allows another chance to take the test based on past failures to accommodate a disability. Mr. Wright instead argues that the Board's policy is flexible enough to allow retesting when there are glitches with administration of the test (such as computer problems).

Mr. Wright failed to preserve this argument because he didn't present it in district court. *See Ave. Cap. Mgt. II, L.P. v. Schaden*, 843 F.3d 876, 884 (10th Cir. 2016). Even if he had preserved the argument, however, it wouldn't matter because Mr. Wright doesn't suggest that this policy is broad enough to allow retesting when the Board denies a required accommodation. So Mr. Wright's argument would fail if we characterize it as factual.

The same is true if we characterize the argument as legal. Mr. Wright says that two of his prior tests shouldn't count, but why shouldn't they? Mr. Wright doesn't identify a legal theory that would require the Board to disregard two of the past tests when counting the past *attempts*.[3]

---

[3]    Mr. Wright also asserts in a footnote that he's entitled to six attempts under the Board's prior policy. Mr. Wright waived this issue by failing to

Mr. Wright argues that a legal inquiry arises from characterization of his prior tests as *attempts*. But the term *attempt* appears in the Board policy, not a statute. So the only issue is whether Mr. Wright has exhausted his four attempts under the Board's policy; the Board's application of that policy is factual, not legal.

\* \* \*

The Americans with Disabilities Act authorizes "preventive relief," not compensation for past wrongdoing. 42 U.S.C. §§ 2000a–3(a), 12188(a). But Mr. Wright's requests involve remedial action for past failures to accommodate his disability—not the need for preventive relief to avoid future mischief.[4]

So whether we view the challenge as factual or legal, Mr. Wright hasn't shown eligibility to retake the third part of the test. A claim for preventive relief is thus unripe, and the district court properly dismissed the action for lack of jurisdiction.

---

develop it. *See Therrien v. Target Corp.*, 617 F.3d 1242, 1252–53 (10th Cir. 2010) (deeming an argument waived when it was mentioned only in a footnote and lacked a developed argument).

[4]    Even if we were to characterize Mr. Wright's claim as ongoing, however, a preventive remedy would remain available only if the Board's policy allowed him to retake the test because of past failures to accommodate his alleged disability.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge